IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PROCHNIAK WEISBERG, P.C., | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 09-5650 |
| | : | |
| v. | : | |
| | : | |
| INJURY SOLUTIONS, INC. and | : | |
| INJURY SOLUTIONS, LLC, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

Presently before the Court is Defendants' Motion to Compel Mediation and to Dismiss Plaintiffs' Complaint (Docket No. 3). Frankly, the Court is shocked that Plaintiff has filed suit in Philadelphia County, Pennsylvania (since removed to this Court) given the text of the Member's Listing Agreement (the "Agreement") that serves as the underlying basis of Plaintiff's claims – plain language that can be easily understood by any layman, let alone a law firm such as Plaintiff. Plaintiff has wasted the time of two Courts. This Motion will be granted in its entirety.

In short, the Agreement that underlies the Complaint contains (1) a mandatory ADR provision, which requires the parties to first attempt mediation with regard to *any dispute or claim in law or equity* involving the Agreement, (2) (in the event mediation is unsuccessful), a binding arbitration clause concerning *any dispute or claim in law or equity* involving the Agreement, and (3) (to the extent any lawsuit is otherwise permitted in light of the former two provisions), an exclusive forum selection clause designating Los Angeles County, California for any state court action or the U.S. District for the Central District of California for any action instituted within the federal court system. In Paragraph 19 of the Agreement, Plaintiff expressly

represented (1) that it had the opportunity to read the Agreement; (2) that it had received a copy of the Agreement; and (3) that it agreed to "each and all of the provisions and conditions" contained therein.

      Plaintiff is a law firm – a sophisticated legal entity skilled in the drafting and interpretation of agreements.  There can be no credible argument that Plaintiff somehow misunderstood the above explicit terms of the Agreement, or that Plaintiff now finds those terms are so onerous that they should be tossed aside at the entrance to the courthouse.  Plaintiff's Response to Defendants' Motion borders on the bizarre.  In its disjointed argument, Plaintiff almost completely ignores the first two provisions described above, instead mostly and haphazardly opining on the exclusive forum selection clause.[1]  Indeed, aside from a few

---

[1] Given the effect of the mediation and arbitration provisions, there is actually no need for the Court to discuss the exclusive forum selection clause.  However, even if such discussion were necessary, Defendants obviously prevail.  Here there is the simple fact that by its very nature this is not a lawsuit otherwise permitted in light of the mediation and arbitration provisions.  Beyond this, however, is prevailing law.  In federal court, the effect to be given a contractual forum selection clause in diversity cases is determined by federal not state law.  <u>CQ, Inc. v. TXU Mining Co., L.P.</u>, No. 05-cv-1230, 2006 WL 278155, at *2 (W.D. Pa. Feb. 3, 2006) (citing <u>Jumara v. State Farm Ins. Co.</u>, 55 F.3d 873, 877 (3d Cir. 1995)).  A forum selection clause is *prima facie* valid "and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances."  <u>Tricome v. Ebay, Inc.</u>, No. 09-cv-2492, 2009 WL 3365873 (E.D. Pa. Oct. 19, 2009) (Jones, J.).  In <u>Tricome</u>, the plaintiff attempted to avoid operation of a forum selection clause (designating California) in an eBay User Agreement, arguing that the contract was one of adhesion and unconscionable.  This Court disagreed.  The forum selection clause contained in the Agreement here is no less enforceable than the one present in the eBay User Agreement in <u>Tricome</u>.  Plaintiff is a sophisticated party – indeed, it is a law firm – and entered into the Agreement of its own volition in a desire to further its law practice.  Just like the plaintiff in <u>Tricome</u>, Plaintiff had the opportunity to read and review the Agreement before signing it.  As discussed above, Plaintiff expressly represented (1) that it had the opportunity to read the Agreement; (2) that it had received a copy of the Agreement; and (3) that it agreed to "each and all of the provisions and conditions" of the Agreement.  Finally, just like eBay, Defendants have a legitimate interest in focusing their legal defense in a particular forum.  In sum, the forum selection clause in the Agreement is reasonable and enforceable.  Plaintiff's arguments to the contrary are unpersuasive.

confusing sentences concerning "Pennsylvania mediation,"[2] Pl's Resp. at 4, Plaintiff appears to forget that those first two provisions exist at all, instead stating with apparent disbelief that "Defendants' seek transfer not to another federal court but to no court at all." Pl's Resp. at 3. In fact and *of course*, that is *exactly* what the Defendants' seek to do (*i.e.*, transfer to mediation and arbitration), as *expressly required* by the Agreement *previously agreed to* by Plaintiff. Unbelievably, Plaintiff wraps up its argument with the conclusion that the first-step mediation mandated by the Agreement is actually "merely a ploy." Pl's Resp. at 5. Further elaboration by this Court is wholly unnecessary.

For substantially the reasons detailed in Defendants' Memorandum of Law in Support of its Motion, well-established prevailing law, and the explanation provided herein, the Court finds that both the mediation and arbitration provisions of the Agreement are enforceable as a matter of law, and the Court shall both enforce them and dismiss the instant Complaint with prejudice. In addition, Plaintiff shall pay all of Defendants' costs and reasonable attorneys' fees associated with this lawsuit and the instant Motion.

**AND NOW**, this 15th day of January, 2010, **IT IS ORDERED THAT**:

1. Defendants' Motion (Docket No. 3) is **GRANTED** in its entirety.

2. Plaintiff is **ORDERED** to commence mediation in accordance with the terms of the Agreement;

3. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

4. Plaintiff shall **PAY** all of Defendants' costs and reasonable attorneys' fees associated with this lawsuit and the instant Motion. Within ten (10) days, Defendants shall **FILE** a

---

[2] This is irrelevant given the Agreement specifies a California-based mediator and, if necessary, arbitrator.

detailed request for such costs and fees.  Plaintiff may **FILE** any objection within three (3) business days.  The Court will order an award promptly thereafter.

**IT IS SO ORDERED.**

          BY THE COURT:

          /s/ C. Darnell Jones II

          _____
          C. Darnell Jones II,   J.